IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ROBERT CARL SHARP,

    Plaintiff,

v.                                  Civil Action No. 1:23-00478

UNITED STATES OF AMERICA,

    Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff Robert Carl Sharp's objections (ECF No. 46) to the Proposed Findings and Recommendations ("PF&R") filed on February 3, 2025 (ECF No. 42). For the reasons explained below, the objections are **SUSTAINED** in part and **OVERRULED** in part.

### I.  Background

This case arises from the use of force by prison staff against Sharp. See ECF No. 12. At all relevant times Sharp was incarcerated at FCI McDowell in McDowell County, West Virginia. See id. at 5. He alleges that on December 20, 2022, three prison staff members searched him in the lieutenant's office. See id. He says that during the search, one of the officers threw a knife on the ground and yelled "knife," leading the officers to severely beat him. See id. He alleges that he was

put in a "suicide cell" where the officers beat him again. See id. Plaintiff alleges that the lieutenant orchestrated these events in retaliation for plaintiff's girlfriend insulting prison staff. See id. Plaintiff alleges that he suffered serious physical and emotional injuries from the beatings. See id.

Plaintiff also alleges that prison staff inflicted additional emotional distress when they "paraded [him] outside mostly naked and shoeless in the cold, and being forced to sit in [his] own excrement for several hours[,]" and housed him in solitary confinement for seven months based on a false report. Id. at 6. He alleges that "executive staff" were negligent for failing to intervene to prevent the beatings and that he was negligently denied medical care. See id. at 7.

Based on these allegations, plaintiff asserts claims of assault, battery, intentional infliction of emotional distress ("IIED"), negligence, and false imprisonment under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. See id. at 6-7.

The government filed a "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" and offers a different version of events. See ECF No. 20. While the government agrees that a use of force incident occurred in the lieutenant's office, the government argues that a knife fell from plaintiff's

2

personal belongings and that he reached for it.  See ECF No. 21-1 at 2.  The government says that prison staff placed plaintiff on the ground to regain control of his disruptive behavior.  See id.  The government says that plaintiff was temporarily put in ambulatory restraints before being transferred to FCI Gilmer later that day.  See id. at 2-3.

The government acknowledges the various injuries to plaintiff that medical staff documented following the incident, including several lacerations and bruises.  See id. at 2.  However, the government notes that an "After-Action Review Team" of prison officials deemed the use of force "reasonable and appropriate."  Id. at 5.

The government moves to dismiss plaintiffs claims for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing for the application of the discretionary function exception ("DFE") to the government's waiver of sovereign immunity under the FTCA.  See id. at 7.

The government also asserts alternative bases for dismissing plaintiff's claims.  Regarding the negligence and false imprisonment claims, the government argues that plaintiff failed to exhaust his administrative remedies.  See id.  With respect to the negligence, IIED, and false imprisonment claims, the government argues that plaintiff fails to state a claim upon

3

which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See id. at 7.

The magistrate judge agrees with the government and recommends that this court grant the government's motion for those reasons.  See ECF No 42 at 11-21.

Sharp raises five objections.  He argues that (1) the PF&R erroneously resolved factual disputes against him, (2) the government forfeited the DFE argument, (3) he exhausted his negligence and false imprisonment claims, (4) the PF&R erroneously applied a "presumption of regularity" to defendant's conduct, and (5) genuine issues of material fact exist.  See ECF No. 46 at 2.

Several of Sharp's objections are closely related, so the court will consolidate the objections into three arguments for discussion:  (1) Genuine issues of material fact exist, (2) the government forfeited the DFE argument, and (3) Sharp exhausted his negligence and false imprisonment claims.

## II.  Legal Standard

Under Rule 72(b) of the Federal Rules of Civil Procedure, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b).  A district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Id.  As to Sharp's objection, "[a] document filed pro se

4

is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Therefore, courts are "under an obligation to read a pro se litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., No. 2:96CV308, 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997).  However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).

### III. Discussion

#### A.   Resolution of Disputed Facts

Sharp and the government offer competing versions of events.  Sharp says that the beatings and subsequent events occurred in retaliation for his girlfriend insulting prison staff.  The government says that prison staff had to gain control of Sharp because a knife fell from his person during a strip search in the lieutenant's office.

This court recently addressed a similar issue in Lewis v. United States, No. 1:24-00089, 2025 WL 830780, at *1 (S.D.W. Va. Mar. 17, 2025).  In that case, this court adopted a PF&R's finding that summary judgment was inappropriate to determine the application of the DFE where an inmate and prison officials

5

presented uncorroborated, competing versions of events that led to the use of force. See id. at *4. The court scheduled the case for trial to resolve the factual disputes. See id. at *5.

In this case, in determining that prison staffs' actions were subject to the DFE, the PF&R adopts the government's version of events: "Plaintiff Sharp possessed a dangerous weapon and failed to step away from it, which is an institutional violation and triggered staff's choice to employ force to gain control of the situation." ECF No. 42 at 16.

While the PF&R's analysis is correct insofar as the DFE exception applies under the government's version of events, the PF&R had to resolve factual inferences against Sharp to reach that conclusion. The PF&R reasons that Sharp presents no evidence to support his account of events and that he, therefore, does not present a genuine dispute of material fact. However, at this stage of the proceedings, it is Sharp's word versus the government's, as neither party presents objective evidence of what transpired.

The PF&R cites an internal "After-Action Review" conducted by the prison that cleared the officers of wrongdoing. See ECF No. 42 at 16. However, this court cannot defer entirely to that internal review; it is evidence that must be weighed against Sharp's allegations, which would presumably be his testimony at trial. When viewing the evidence in the light most favorable to

6

Sharp, there is also potential support in the record for his assault and battery claims.

Prison administrators initially found in June 2023 that Sharp committed the prohibited act of "Possessing a Dangerous Weapon in violation of BOP Disciplinary Code 104" based on his alleged possession of a knife in the lieutenant's office, but that finding was later reversed and the violation was expunged from his record. See ECF No. 31-5. The administrative appeal does not explain the reason for the decision, but the reversal tends to support Sharp's allegations and discovery could provide evidence to corroborate his claims. Sharp also notes that according to the "After Action Review Report," there is video of the incident. See ECF No. 20-1 at 172. Sharp says that the government refused to disclose this video evidence during the administrative proceedings. See ECF No. 46 at 3. Additionally, the lieutenant at the time of the events has since been federally indicted for writing a false report and making false statements to investigators from the Department of Justice. See ECF No. 43. The facts underlying the indictment are not related to this case. See id. However, at this stage of the proceedings, this case turns entirely on credibility determinations and the lieutenant's indictment provides more reason not to draw inferences against Sharp before he is permitted discovery.

7

The magistrate judge issued the PF&R without the benefit of this court's decision in Lewis, but for the sake of consistency, discovery and a trial are necessary to determine whether the DFE applies to Sharp's assault and battery claims. Therefore, Sharp's objection is **SUSTAINED** with respect to his argument that the PF&R improperly resolves factual inferences against him.

### B. Forfeiture of DFE Argument

Sharp argues that the government "forfeited [the] DFE [argument] when its own DHO-2 expunged the seminal Incident Report No. 3711819 (IR), that claimed Plaintiff had a dangerous weapon and attempted assault on officer(s)." ECF No. 46 at 4. The court disagrees. The reversal and expungement may be relevant when resolving the factual disputes between the parties, but they do not constitute the government's waiver of the DFE argument. As the PF&R discusses at length, the DFE determines whether the court has subject matter jurisdiction. "[S]ubject-matter jurisdiction can never be waived." United States v. Moran, 70 F.4th 797, 802 (4th Cir. 2023) (citing Gonzalez v. Thaler, 565 U.S. 134, 141 (2012)). For these reasons Sharps objection is **OVERRULED** as to his argument that the government forfeited its DFE argument.

### C. Administrative Exhaustion

The PF&R recommends dismissing two of Sharp's claims for failure to exhaust administrative remedies: (1) his negligence

8

claims based on the allegation that executive staff failed to intervene to prevent the beatings, and (2) his false imprisonment claims based on his alleged placement in solitary confinement for seven months.  See ECF No. 42 at 24.  In Sharp's objection, he quotes his allegations from his Standard Form 95 and argues that the allegations put the government on notice of these claims.  See ECF No. 46 at 7-8.

The PF&R correctly explains that the FTCA requires that before a plaintiff may bring a claim against the United States government in federal court, the claimant must present the claim to the appropriate administrative agency for determination.  See ECF No. 42 at 24.  A claim is presented "when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident . . . ."  Id. (quoting 28 C.F.R. § 14.2(a)).  A claimant meets this burden if the notice "(1) is sufficient to enable the agency to investigate and (2) places a 'sum certain' value on [his] claim."  Ahmed v. United States, 30 F.3d 514, 517 (4th Cir. 1994) (quoting Adkins v. United States, 896 F.2d 1324, 1326 (11th Cir. 1990)).

The PF&R explains that Sharp's Standard Form 95 does not allege failure to intervene by executive staff or his extended placement in solitary confinement.  Therefore, the PF&R recommends finding that Sharp did not provide sufficient notice

9

of his failure to intervene or false imprisonment claims in the administrative proceedings.

Upon review of Sharp's Standard Form 95, the court agrees that he did not sufficiently raise these claims. In the form, Sharp details the alleged beatings but does not allege failure to intervene by "executive staff." See ECF No. 20-2 at 3-8. He also does not allege that he was placed in solitary confinement for seven months. See id. Instead, he alleges that he was transported to FCI Gilmer immediately after the alleged beatings and does not discuss his confinement at that facility. See id. at 8.

The PF&R also recommends dismissing Sharp's claims of negligence, IIED, and false imprisonment for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See ECF No. 42 at 26. However, Sharpe does not object to this recommendation. See ECF No. 46 at 2. The court also does not find that this recommendation is clearly erroneous. Therefore, Sharp's negligence, IIED, and false imprisonment claims are **DISMISSED** for failure to state a claim.

### IV. Conclusion

For the above reasons, Sharp's objections are **SUSTAINED in part** as to his argument that the PF&R prematurely resolved factual disputes against him in determining that the DFE applies, and Sharp's objections are **DENIED in part** as to his

other arguments. Accordingly, the government's "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" (ECF No. 20) is **DENIED** as to the assault and battery claims but **GRANTED** in all other respects.

This matter is **REFERRED** to the magistrate judge for discovery. The trial will involve the jurisdictional issue and the merits of Sharp's claims. See Kerns v. United States, 585 F.3d 187, 195 (4th Cir. 2009) (quoting United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 348 (4th Cir. 2009) ("A district court should assume jurisdiction and assess the merits of the claim when the relevant facts—for jurisdictional and merits purposes—are inextricably intertwined.")). However, a trial for damages will be unnecessary if the court finds in the government's favor on the DFE issue or liability. Therefore, the court hereby **BIFURCATES** for both discovery and trial the issues of liability and damages.

Trial of this matter is hereby scheduled for September 9, 2025, at 9:30 a.m. in Bluefield.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record and any unrepresented parties.

IT IS SO ORDERED this 31st day of March, 2025.

David A. Faber
Senior United States District Judge