IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ROBERT CARL SHARP,

        Plaintiff,

                                    Civil Action No. 1:23-00478
v.

UNITED STATES OF AMERICA,

        Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the court is plaintiff Robert Carl Sharp's "Motion to Preserve Claims of Error" brought under Rule 103 of the Federal Rules of Evidence, or in the alternative, motion for reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure.  <u>See</u> ECF No. 49.  For the reasons explained below, the motion is **DENIED**.  However, to the extent plaintiff seeks to preserve his objections for the appellate record, his motion, while unnecessary, serves that purpose.

By Memorandum Opinion and Order entered March 31, 2025, this court sustained in part and overruled in part Sharp's objections to Proposed Finding and Recommendations ("PF&R") entered by the magistrate judge.  <u>See</u> ECF No. 47.  That PF&R recommended dismissing Sharp's claims of assault, battery, intentional infliction of emotional distress, negligence, and

false imprisonment brought against the United States government

under the Federal Tort Claims Act,  28 U.S.C. § 2671, et seq.

See ECF No. 42.  This court sustained Sharp's objection insofar

as he argued the PF&R prematurely resolved factual disputes

against him regarding his assault and battery claims.  See ECF

No. 47 at 5-8.  His objections were overruled in all other

respects.  See id. at 8-10.

In his current motion, Sharpe raises eleven "claims of

error" that he "wishes to preserve."  See ECF No. 49 at 2.  Nine

of his assignments of error relate to the courts statement of

facts recounted for purposes of deciding his objections to the

PF&R.  See id. at 2-5.  The two others relate to legal

determinations of the court.  See id.  In his first legal

challenge, Sharp contends that the court erred by not addressing

his objection to the PF&R's "bestow[al]" of the "presumption of

regularity" upon the government.  See id. 4.  Second, he argues

that the court erred by adopting the PF&R's recommendation to

dismiss his negligence, IIED, and false imprisonment claims

because of his failure to object to that recommendation.  See

id. at 5.

Sharpe brings his motion under Rule 103 of the Federal

Rules of Evidence and Rule 54(b) of the Federal Rules of Civil

Procedure.  Rule 103 does not apply; that rule applies to "a

ruling to admit or exclude evidence . . . ."  See Fed. R. Evid.

2

103(a).  The court's rulings on Sharp's objections to the PF&R did not admit or exclude evidence.

However, because Sharp asks the court to reconsider an interlocutory order, Rule 54(b) applies.  Under Rule 54(b), "any order . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  "Thus, when warranted, a district court retains the power to reconsider and modify its interlocutory judgments at any time before final judgment."  Lynn v. Monarch Recovery Mgmt., Inc., 953 F. Supp. 2d 612, 618 (D. Md. June 17, 2023) (citing Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003)).  "Resolution of the motion is 'committed to the discretion of the district court,' id. at 515, and 'the goal is to reach the correct judgment under law.'"  Id. (quoting Netscape Commc'n Corp. v. ValueClick, Inc., 704 F. Supp. 2d 544, 547 (E.D. Va. 2010)).  Reconsideration is not warranted.

Regarding Sharp's factual objections, the court notes that most of the facts to which he objects were derived from his amended complaint (ECF No. 12), including the facts that the events occurred at FCI McDowell (see id. at 5), and the lieutenant, while beating Sharp, "said [his] 'girlfriend' disrespected his staff with a racial slur," (id. at 5).

3

Sharp also argues that, because prison administrators reversed the disciplinary decision finding that he had a knife, the court should discredit the government's argument that officers reasonably used force to subdue him.  See id. at 3-4. However, nothing in the record indicates why the disciplinary decision was reversed, and the mere fact that the decision was administratively reversed does not constitute the government's "reversal of this assertion" in this lawsuit, as Sharp contends. Id. at 3.  Sharp's argument misrepresents the effect of that administrative decision on the current proceedings.  The alleged reversal of the administrative decision may support Sharp's claim that the use of force was unjustified, but that is an issue for trial, which is currently scheduled for September 9, 2025.  See ECF No. 48.

Additionally, the court's statement of facts does not create binding factual findings for future proceedings; those facts will be established at trial, where Sharp will have the opportunity to present his case.

Irrespective of Sharp's factual challenges, the court's characterization of the facts was not material to either the court's decision to overrule his objections to the PF&R's finding that he failed to exhaust his administrative remedies for his negligence claims or the court's dismissal of his negligence, IIED, and false imprisonment claims for failing to

4

object to the PF&R's recommendation that those claims be
dismissed.  The events giving rise to Sharp's claims have no
bearing on those issues.

Sharp's legal objections also fail.

His first assignment of legal error is that the court
ignored his objection to the PF&R's reliance on the "presumption
of regularity" when finding for the government on his assault
and battery claims.  However, as the court explained in its
Memorandum Opinion and Order, it consolidated his closely-
related objections for purposes of discussion.  See ECF No. 47
at 4.  His argument regarding the "presumption of regularity"
was adequately addressed by the court's finding that the PF&R
improperly resolved factual inferences against him.  Also, the
PF&R does not mention the presumption of regularity, (see ECF
No. 42), so Sharp's objection was nonresponsive and not entitled
to review.  See, e.g., Goforth v. United States, No. 1:09-0003,
2011 WL 1193387, at *1 (S.D.W. Va. Mar. 29, 2011).

His second legal assignment of error is that the court
erroneously adopted the PF&R's recommendation to dismiss his
negligence, IIED, and false imprisonment claims because he did
not object to that recommendation.  See ECF No. 49 at 5.  He
argues that he objected to the dismissal of these claims in his
responsive pleadings to the government's motion to dismiss.  See
id.  However, the court is not required to review, under a de

5

novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  It is undisputed that Sharp did not object to those portions of the PF&R.  Therefore, the court did not err in dismissing those claims.

For the above reasons, Sharp's "Motion to Preserve Claims of Error" (ECF No. 49) is **DENIED.**

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record and any unrepresented parties.

IT IS SO ORDERED this 4th day of June, 2025.

ENTER:

David A. Faber
Senior United States District Judge

6