IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ROBERT CARL SHARP,

    Plaintiff,

v.                                    Civil Action No. 1:23-00478

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the government's motion to stay. ECF No. 50. For the reasons explained below, the motion is **GRANTED**.

Plaintiff Robert Carl Sharp brings this civil action against the government, alleging that prison staff at FCI McDowell unlawfully beat him. See ECF No. 12. Included amongst the alleged wrongdoers is Charles Looney, the former prison lieutenant. See ECF No. 12 at 5.

Looney has since been charged with federal crimes for allegedly making false statements and documents during his course of employment at FCI McDowell, in violation of 18 U.S.C. §§ 1001(a)(2)-(3). See Indictment, 1:25-cr-00010; ECF No. 5. That case is pending trial before this court as well.

The government anticipates that Looney will be a witness in Sharp's civil case and that Looney's interests in that case will be aligned with those of the government. See ECF No. 50. For this reason, the government seeks to stay this case until the criminal case, in which the government is adverse to Looney, is resolved. See ECF No. 50. Sharp does not oppose the government's motion to stay. See ECF No. 57.

Courts consider three factors when deciding a motion to stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." Ohio Valley Env't Coalition v. Bluestone Coal Corp., No. 1:19-00576, 2020 WL 5914524, at *1-2 (S.D.W. Va. Oct. 6, 2020). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Id. (quoting Williford v. Armstrong World Indus., 715 F.2d 124, 127 (4th Cir. 1983)).

These factors weigh in favor of granting the government's motion to stay. Resolving the criminal case first will make more efficient use of judicial resources, as the court will not have to manage the government's potential conflict of interest with Looney as a witness. There also will be no hardship to the parties if this action is stayed since they both agree to it. Therefore, the government's motion to stay (ECF No. 50) is

2

**GRANTED**.[1]  This case is **STAYED** until further order of the court, and the clerk is **DIRECTED** to remove the case from the court's active docket.  The court requests a status report from the government when the criminal matter concludes so that the court can lift the stay and reinstate the case to the active docket.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record and any unrepresented parties.

IT IS SO ORDERED this 4th day of June, 2025.

ENTER:

David A. Faber
Senior United States District Judge

---

[1] Sharp, in his response to the motion to stay, argues that the government misstated facts in its memorandum in support of its motion to stay.  See ECF No. 57.  However, those facts are irrelevant to this motion since Sharp consents to the stay.  Additionally, factual disputes will be resolved at trial and the governments recitation of facts has no bearing on future factual determinations.