IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ROBERT CARL SHARP,

Plaintiff,

v. CIVIL ACTION NO. 1:23-00478

UNITED STATES OF AMERICA,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are three motions to take judicial notice filed by the plaintiff. See ECF Nos. 71, 72, and 99. For the reasons expressed below, those motions are **DENIED.**

Plaintiff invokes Federal Rule of Evidence 201 in support of his motions for the court to take judicial notice.

> Federal Rule of Evidence 201 governs the circumstances under which the Court may take judicial notice of an adjudicative fact, which "are simply the facts of the particular case." See Fed. R. Evid. 201(a) advisory committee note. At any stage of the litigation, a court may take judicial notice on its own and must take judicial notice "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)-(d). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The party requesting judicial notice of the fact bears the burden of proving that Rule 201's standard is satisfied." Barnett v. United States, 650 F. Supp. 3d 412, 440 (D.S.C. 2023), aff'd, 132 F.4th 299 (4th Cir. 2025).

> "The consequences of a court taking judicial notice are significant. Where the trial court has taken judicial notice of a fact in a civil matter, the judge must instruct the jury to accept that fact as conclusive." Id. (citing Fed. R. Evid. 201(g)). "A court taking judicial notice may also preclude the introduction of evidence to disprove the noticed fact." Id. (citing Fed. R. Evid. 201(g) advisory committee note). "[A] 'tradition of circumspection' surrounds judicial notice of adjudicative facts, and courts should exercise caution in taking judicial notice, doing so only when the matter is beyond reasonable controversy." Id. (first citing Fed. R. Evid. 201(b) advisory committee note; and then citing In re Harmony Holdings, LLC, 393 B.R. 409, 412-13 (Bankr. D.S.C. 2008)).

Hameed v. Maryland State Bd. of Physicians, Civil No. 25-1606-BAH, 2026 WL 251233, at *6-7 (D. Md. Jan. 30, 2026). The rule governs judicial notice of adjudicative facts only, not legislative facts.[1] See Fed. R. Evid. 201(a). "[T]he decision as to whether to take judicial notice of a fact is within the trial court's sound discretion.". Jones v. Prudential Security, Inc., 534 F. Supp. 3d 839, 841 (E.D. Mich. 2021).

First, plaintiff asks the court to take judicial notice of United States v. Melvin, 7:25-cr-0001, a criminal case from the

[1] "'[L]egislative facts,' involve 'established truths, facts or pronouncements that do not change from case to case but apply universally. . . .'" United States v. Perez, 150 F.4th 237, 248 (4th Cir. 2025) (quoting United States v. Gould, 536 F.2d 216, 220 (8th Cir. 1976)). "No rule of evidence deals with judicial notice of legislative facts so a court may notice a legislative fact and charge a criminal jury with accepting its truth." Id. (cleaned up).

Eastern District of Kentucky. In that case,[2] Terry L. Melvin, a former lieutenant at United States Penitentiary, Big Sandy ("USP Big Sandy"), pled guilty to a criminal information charging him with violations of 18 U.S.C. § 241, conspiracy against rights, and 18 U.S.C. § 242, deprivation of rights under color of law. See Plea Agreement in 7:25-cr-0001, ECF No. 10. As part of his plea agreement, Melvin agreed that "[d]uring the time that the Defendant [Melvin] worked as a lieutenant at USP Big Sandy, BOP staff illegally assaulting inmates was a commonplace occurrence." Id. According to Melvin's plea agreement, an associate warden and captain at USP Big Sandy "conspired along with other Big Sandy senior staff, to use unconstitutional force against inmates who were requesting protective custody through an 'unofficial' policy." Id. Melvin "observed other lieutenants and senior staff assault inmates and aid and abet assaults of inmates" and "himself willfully used unreasonable force on inmates on numerous occasions." Id. On April 2, 2026, Melvin was sentenced to 48 months imprisonment on each count of conviction, sentences to run concurrently. See ECF No. 31 in Criminal Case 0:26-cr-005-REW-01.

---

[2] Plaintiff did not provide a copy of any actual documents from the case but, rather, tendered an undated newspaper article describing the case. See ECF No. 72-1.

It would be improper for the court to take judicial notice under Rule 201 of the facts in Melvin for the simple reason that they are not relevant to the issues in this case. The conspiracy at issue in Melvin occurred at a BOP facility in Kentucky, not West Virginia, and involved different BOP employees than the FCI McDowell employees in this case. These are two completely different cases and, therefore, they are not adjudicative facts subject to judicial notice under Rule 201. Jones, 534 F. Supp. 3d at 839 ("A fact is not the proper subject of judicial notice if the notice is sought for a purpose that is 'not relevant or necessary to resolve th[e] action.'") (quoting Cece v. Wayne County, 758, F. App'x 418, 425 (6th Cir. 2018)).

Furthermore, as the United States Court of Appeals for the Fourth Circuit has explained, "[f]acts adjudicated in a prior case . . . do not meet either test of indisputability contained in Rule 201(b)." United States v. Lowers, 170 F.4th 134, 149 (4th Cir. 2026) (citations omitted); see also United States v. Zayyad, 741 F.3d 452, 463-64 (4th Cir. 2014) ("[W]e do not take judicial notice of a purported fact merely because a party tried to establish it at a prior trial."); Grayson v. Warden, Commissioner, Alabama DOC, 869 F.3d 1204, 1225 (11th Cir. 2017) ("If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the

doctrine of [issue "preclusion] would be superfluous") (internal citation and quotation omitted); Corbitt v. Baltimore City Police Department, 675 F. Supp. 3d 578, 587 (D. Md. 2023) ("Given the Fourth Circuit's clear rulings on this issue, and the tradition of circumspection surrounding judicial notice, Defendants faced tough headwinds in urging the Court to consider the truth of factual findings made by other courts. Nothing in the briefing breaks through those headwinds. It would be improper for the Court to take judicial notice of another court's findings of fact. . . .") (cleaned up).

Plaintiff's request for judicial notice of a May 31, 2025, article from the West Virginia Gazette-Mail fares no better. That article, "FCI Gilmer Inmates Report History of Poor Medical Treatment," states that "eight current and former FCI Gilmer inmates told the Gazette-Mail they endured medical negligence and inhuman living conditions at the prison[.]" ECF No. 99-1. However, deliberate indifference allegations by inmates at FCI Gilmer have nothing to do with this case, i.e., whether Sharp was assaulted and battered by BOP employees at FCI McDowell on December 20, 2022. Because these "facts" regarding FCI Gilmer are not relevant or necessary to resolve the claims in this case, the court will not take judicial notice of the article.

Plaintiff's final request is for the court to take judicial notice of an Inspection Report of FCI McDowell, dated October 17, 2019, completed by the District of Columbia Corrections Information Council ("CIC").[3] The CIC "is an independent oversight body mandated by the United States Congress and the Council of the District of Columbia to inspect, monitor, and report on the conditions of confinement in correctional facilities where inmates from the District of Columbia are incarcerated." Inspection Report at 1. The report was completed after the CIC inspected FCI McDowell on December 12 and 13, 2018. See id. at 5. "Report findings [we]re based on facility documents collected prior to the inspection, staff comments and reflections made during the inspection, and inmate feedback gathered through survey responses and interviews." Id.

Sharp asks the court to take judicial notice of various sections of the report, including statements by inmates that are included in the report, as well as the CIC's recommendations for further action by FCI McDowell. It would be improper for the court to take judicial notice of the Inspection Report and/or various portions of the report for a host of reasons. First, the

[3] Plaintiff did not attach a copy of the Inspection Report. It may be viewed on the CIC's website at https://cic.dc.gov/node/1437321 (hereinafter ("Inspection Report")(last visited Sept. 1, 2026).

report is not relevant to the issues in this case. The fact that other inmates at FCI McDowell complained about staff at the facility approximately four years before Sharp's claims arose neither proves nor disproves his claims. These are allegations, not facts. Second, the report's findings and observations are not indisputable. As the BOP wrote in response to a draft of the report, "[t]hroughout the report, unsubstantiated allegations are made without direct observation by the CIC or supported by facts that can be corroborated." See Appendix C to Inspection Report. See Nolte v. Capital One Financial Corp., 390 F.3d 311, 317 n* (4th Cir. 2004) ("Although the filing of an SEC complaint against Willey is indisputable, the facts alleged therein are not. A court cannot take notice of (and so assume the truth of) mere allegations. . . ."); see also United States v. Bonds, 12 F.3d 540, 553 (6th Cir. 1993) (refusing to take judicial notice of a National Research Committee report where "[t]here is no dispute that the [report] exists, but there is considerable dispute over the significance of its contents."). Third, the Inspection Report contains inadmissible hearsay. Finally, to the extent that Sharp attempts to use the Inspection Report to get this court to take judicial notice of the BOP's lack of credibility and/or bolster his own credibility, those facts are very much in dispute. See Deal v. Hamilton County Bd. of Educ., 392 F.3d 840, 853 (6th Cir.

2004) (no abuse of discretion in district court's refusal to take judicial notice of declarations filed in another case because plaintiffs "essentially were attempting to get the district court to take judicial notice of [expert witness]'s lack of credibility, a fact that is very much in dispute.").

Having reviewed the motions and memoranda in this case, the court finds that the facts which plaintiff wants this court to judicially notice are not indisputable adjudicative facts within the meaning of the rule. Accordingly, plaintiff's motions are **DENIED.**

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff and counsel of record.

**IT IS SO ORDERED** this 16th day of September, 2026.

ENTER:

David A. Faber

David A. Faber
Senior United States District Judge